IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02362-PSF-CBS

LEIGH MEZO,

 Plaintiff,

v.

THE NOODLE SHOP, CO.,
d/b/a NOODLES AND COMPANY,

 Defendant.

## ORDER ON MOTION TO STAY LITIGATION IN FAVOR OF ARBITRATION

The Court is in receipt of Plaintiff Mezo's Motion to Stay Litigation in Favor of Arbitration (Dkt. # 5), Defendant's Joinder in Motion to Stay Litigation in Favor of Arbitration (Dkt. # 7) and Defendant's Motion to Vacate Scheduling Conference, Hearing on Motion to Compel Arbitration and All Other Deadlines, Pending Arbitration (Dkt. # 8).  The parties have agreed to arbitrate their dispute based on a preexisting arbitration agreement between them, and thus "the Court's only required involvement will concern proceedings, if any, concerning the confirmation of an arbitrator's award." Motion to Vacate at 3.  The basis of the stay request is 9 U.S.C. § 3, which states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for sch arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

In these circumstances, where all parties have agreed to arbitrate all underlying issues, some circuits recognize that a dismissal as opposed to a stay is permissible. *See e.g. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.2d 707, 709-10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). There appears to be a circuit split on the issue, with the Third Circuit holding that only a stay, not dismissal, is allowed. *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 268-69 (3d Cir. 2004). Apparently, the Tenth Circuit is in agreement with the approach of the First Circuit. *See Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (holding that where a defendant moved for a stay pending arbitration under 9 U.S.C. § 3, the district court erred by entering a dismissal instead of a stay).

Therefore, the Court will enter a stay, rather than a dismissal, by administratively CLOSING this case pursuant to D.C.COLO.LCiv.R 41.2 subject to reopening for good cause upon motion of a party. Plaintiff Leigh Mezo's Motion to Stay Litigation in Favor of Arbitration (Dkt. # 5) accordingly is GRANTED, and Defendant's Motion to Vacate Scheduling Conference, Hearing on Motion to Compel Arbitration and All Other Deadlines, Pending Arbitration (Dkt. # 8) is also GRANTED. In light of these rulings,

IT IS ORDERED that the motion hearing set for January 30, 2006 before this Court and the scheduling conference set for February 1, 2006 before the magistrate judge are hereby VACATED.

DATED: January 25, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge

2